# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARZA, | 1:07-CV-00385 LJO DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| UNNAMED, | [Doc. 6] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 22, 2007, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. By order of the Court dated February 28, 2007, the matter was transferred to the Eastern District and received in this Court.

On May 8, 2007, the Court issued an order dismissing the petition with leave to amend. Petitioner has not submitted an amended petition and has therefore failed to comply with the Court's order.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

1

829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 9, 2007.  The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.  The Court's order of May 8, 2007, specifically stated "that failure to file a complete petition raising cognizable federal claims within the time allotted will result in a recommendation that the petition be dismissed and the action be terminated." (Court Doc. 6, at 3.)

Accordingly, it is HEREBY RECOMMENDED that the instant petition be dismissed, without prejudice, for failure to comply with a court order.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within thirty (30) days after being served with a copy, any party may file written objections with
2  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
4  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
5  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
6  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
7  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
8  Cir. 1991).

9      IT IS SO ORDERED.

10      Dated:   **July 21, 2007**          /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE